NOT FOR PUBLICATION

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

_____

THE UNITED STATES SMALL BUSINESS ⟩
ADMINISTRATION AS RECEIVER FOR ⟩
PENNY LANE PARTNERS, L.P., ⟩

               Plaintiff, ⟩

               v. ⟩

MARK BARBERA, ⟩

               Defendant. ⟩
_____⟩

Civil Action No. 08-1953 (GEB)

**MEMORANDUM OPINION**

**BROWN, Chief Judge**

     This matter comes before the Court upon Defendant Mark Barbera's ("Defendant") Motion to Dismiss for Lack of Jurisdiction and Plaintiff's Cross-Motion for Default Judgment.  The Court has reviewed the parties' submissions and decided the motions without oral argument pursuant to Federal Rule of Civil Procedure 78.  For the reasons that follow, the Court will deny Defendant's Motion to Dismiss and grant Plaintiff's Motion for Default Judgment.

## I.       BACKGROUND

     The undersigned appointed the Plaintiff on May 16, 2006, as Receiver during the resolution of the ancillary matter United States v. Penny Lane Partners, L.P., Civil Action No. 06-1894.  The SBA filed the instant complaint on April 22, 2008, "as receiver for Penny Lane Partners, L.P." ("Penny Lane") against Defendant.  (Docket Entry No. 1.)  An Affidavit of Service for Summons

and Complaint served on Defendant was filed on July 8, 2008.  (Docket Entry No. 4.)  Thereafter, on July 15, 2008, Plaintiff filed its request for Entry of Default, and the Clerk's Office entered default on July 16, 2008.  (Docket Entry No. 5.)  Also on July 16, 2008, Defendant filed a Motion to Dismiss.  (Docket Entry No. 6.)  Plaintiff filed its opposition to the Motion to Dismiss and a Cross Motion for Default Judgment on August 20, 2008.  (Docket Entry No. 9.)  The Court's consideration of these motions follows.

## II.     DISCUSSION

### A.     MOTION TO DISMISS

Although Defendant failed to file a brief in support of his motion, he  seemingly argues that this Court lacks jurisdiction to consider the matter, stating in the motion that "[t]he defendant is not subject to the personal jurisdiction of this court."  (Docket Entry No. 6.)  Defendant also states in his motion that dismissal is warranted because "defendant has not been properly served" and because Defendant failed "to file copies of the complaint in the district court for each district in which property is located within [ten] days of being appointed receiver, pursuant to [28 U.S.C. § 754]." (Docket Entry No. 6.)  Defendant's attorney also  filed a one-page certification, which states that he certifies that Defendant does not reside in New Jersey, but rather lives in New York. (Docket Entry No. 6-2.)

Plaintiff argues that the Court should not consider Defendant's motion because it is "procedurally defective for failure to comply with the provisions of Local Rule 7.1 and 7.2(a)" insofar as it "offers no evidence to support his motion to dismiss" and because no brief was filed and no certification was filed stating that a brief is not necessary.  (Docket Entry No. 8-4 at 8.)  Plaintiff

also argues that default was entered and that because Defendant has not filed a motion to set aside the entry of default, the Court should not consider Defendant's motion. (Id. at 10.) Plainitff argues that should the Court nevertheless consider Defendant's motion, the Court should deny it because the Receivership has personal jurisdiction over Defendant based on nationwide jurisdiction, regardless of Defendant's New Jersey contacts. (Id. at 11.) Plaintiff argues that the Court has ancillary jurisdiction, pursuant to United States v. Penny Lane Partners, L.P., Civil Case No. 06-1894, and this Court's May 16, 2006 Order, which states that "this Court takes exclusive jurisdiction over Penny Lane Partners, L.P. . . . and all of its assets, wherever located."

The Court concludes that Defendant's submission to the Court is procedurally defective, that Plaintiff has not provided adequate argument or support for the arguments that may be gleaned from his submissions, and that therefore, the Court cannot determine the bases upon which Plaintiff's motion rests. Because Plaintiff's Motion to Dismiss has been filed in violation of Local Civil Rules of Procedure 7.1 and 7.2, the Court will deny the motion.

### B.    MOTION FOR DEFAULT JUDGMENT

Plaintiff filed a Cross Motion for Default Judgment, in which Plaintiff argues that Entry of Default was properly entered against Defendant, that Defendant "has failed to move to set aside the Default," and that therefore, Plaintiff's motion should be granted. (Docket Entry No. 8-4 at 21.) In support of its motion, Plaintiff argues that it "has expended a considerable amount of time and estate assets in defending" Defendant's frivolous Motion to Dismiss, and that because "Defendant has not provided a meritorious defense" and because "Plaintiff has a meritorious case against the Defendant," default judgment is appropriate. (Docket Entry No. 8-4 at 22.) Plaintiff requests that

3

the Court "enter Default Judgment against the Defendant in the sum certain demanded in the Complaint, $56,250.00 plus 10% interest from October 31, 2006." (Docket Entry No. 8-5 at 23.) Plaintiff describes the action as a "breach of contract claim" in which Defendant signed the LPA but "failed to pay the commitment."  (Docket Entry No. 8-5 at 22.)

Defendant did not file a response to Plaintiff's motion.

### 1.      Default Judgment Standard

Default is governed by Federal Rule of Civil Procedure 55.  FED. R. CIV. P. 55.  Rule 55(a) provides, in relevant part, as follows: "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default."  FED. R. CIV. P. 55(a).  "Thereafter, the plaintiff may seek the Court's entry of default judgment under either Rule 55(b)(1) or Rule 55(b)(2)."  Doug Brady, Inc. v. N.J. Bldg. Laborers Statewide Funds, No. 07-1522, 2008 WL 940782 (D.N.J. April 7, 2008) (citation omitted).  "The district court has the discretion to enter default judgment, although entry of default judgments is disfavored as decisions on the merits are preferred."  Super 8 Motels, Inc. v. Kumar, No. 06-5231, 2008 WL 878426 at *3 (D.N.J. April 1, 2008) (citation omitted).

Before entering default judgment, the court "must make explicit factual findings as to: (1) whether the party subject to default has a meritorious defense, (2) the prejudice suffered by the party seeking default, and (3) the culpability of the party subject to default."  Doug Brady, 2008 WL 940782 (citing Emcasco Ins. Co. v. Sambrick, 834 F.2d 71, 74 (3d Cir.1987) (stating that "we have further required the district court to make explicit findings concerning the factors it must consider in rendering judgment by default or dismissal, or in declining to reopen such judgment")).  "In

4

weighing these factors, district courts must remain mindful that, like dismissal with prejudice, default is a sanction of last resort." Id. (citing Poulis v. State Farm Fire & Cas. Co., 747 F.2d 863, 867-68 (3d Cir.1984)).

Further, although the Court should accept as true the well-pleaded factual allegations of the Complaint, the Court need not accept the moving party's legal conclusions or factual allegations relating to the amount of damages. Signs by Tomorrow - USA, Inc. v. G.W. Engel Co., Inc., No. 05-4353, 2006 U.S. Dist. LEXIS 56456, at *5-6 (D.N.J. Aug. 1, 2006) (citing Comdyne I, Inc. v. Corbin, 908 F.2d 1142, 1149 (3d Cir. 1990); Directv, Inc. v. Asher, No. 03-1969, 2006 U.S. Dist. LEXIS 14027, at *1 (D.N.J. Mar. 14, 2006) (citation omitted)). "Consequently, before granting a default judgment, the Court must first ascertain whether 'the unchallenged facts constitute a legitimate cause of action, since a party in default does not admit mere conclusions of law.'" Signs, 2006 U.S. Dist. LEXIS 56456, at * 6 (quoting Directv, Inc., 2006 U.S. Dist. LEXIS 14027, at *1 (citation omitted)).

Pursuant to Federal Rule of Civil Procedure 12, usually a Defendant must answer or otherwise respond "within 20 days after being served with the summons and complaint." FED. R. CIV. P. 12.

**2.      Analysis**

The Office of Clerk of this Court granted Plaintiff's request for an entry of default under Federal Rule of Civil Procedure 55(a).  See Husain v. Casino Control Comm'n, No. 07-3636, 2008 U.S. App. LEXIS 3700, at *4 (3d Cir. Feb. 20. 2008) (stating that "entry of default by the Clerk under Federal Rule of Civil Procedure 55(a) constitutes a general prerequisite for a subsequent

default judgment under Rule 55(b)").  See also Bank of Nova Scotia v. James, No. 2005-08, 2008 U.S. Dist. LEXIS 79240 (V.I. Oct. 8, 2008); Mims v. McCall, No. 06-4551, 2008 U.S. Dist. LEXIS 43092 (D.N.J. June 2, 2008); 10A Charles Alan Wright, Federal Practice and Procedure § 2682 (2007) (stating that "[p]rior to obtaining a default judgment under either Rule 55(b)(1) or Rule 55(b)(2), there must be an entry of default as provided by Rule 55(a)").  Although Entry of Default was entered on July 16, 2008, Defendant proceeded to file a Motion to Dismiss on the same date. However, the motion lacked merit and was filed in violation of Local Civil Rules of Procedure 7.1 and 7.2(a).  Although the Court has herein addressed Defendant's apparent argument regarding jurisdiction in relation to that motion, the Court addressed it only as a threshold matter.

Plaintiff alleges in its Complaint a cause of action for breach of contract.  Plaintiff states that "[o]n October 21, 1996, the defendant signed the LPA to be a Private Limited Partner in Penny Lane"; that "[t]he balance owed by the defendant as a Private Limited Partner is the unfunded capital commitment in the amount of $56,250.00"; that Defendant was "issued an unfunded capital commitment demand letter dated March 11, 2008 demanding payment of the amount of $56,250.00"; that "no payment has been made by the defendant"; that the LPA states that "any Private Limited Partner's failure to pay the amount due from the date due pursuant to the capital call notice for payment . . . shall be charged ten percent (10%) interest from the date the unfunded capital commitment was due"; and that for these reasons, the Court should grant default judgment in favor of Plaintiff. (Docket Entry No. 1 at  ¶¶ 7, 10, 15 to 17.)

The Court concludes that Default Judgment is appropriate here.   First, Plaintiff's unchallenged facts, which the Court accepts as true, set forth a legitimate cause of action. See Signs, 2006 U.S. Dist. LEXIS 56456 at * 6.   In addition, Defendant has not offered any opposition to the

6

Motion for Default Judgment, and therefore, the Court concludes that the Defendant has not offered information regarding the existence of a meritorious defense. Moreover, the facts as alleged in the Complaint provide no indication of a meritorious defense. Plaintiff has been prejudiced in that this action was filed on April 22, 2008, as an ancillary matter to another case before this Court, and Plaintiff has also been prejudiced because Defendant has failed to properly respond in any substantial way to the allegations. Defendant's failure to meaningfully participate in this litigation compels this Court's grant of default judgment. The Court concludes that Defendant is culpable in respect to her failure to meet her obligations under the LPA.

However, Plaintiff has failed to provide the Court with a copy of the LPA that has been signed by Defendant. Therefore, the Court will grant default judgment in favor of Plaintiff, but the Court will reserve on its judgment in respect to the amount of damages, and will direct the Plaintiff to provide the Court with the LPA signed by the Defendant and any other relevant material to assist the Court in its determination regarding Defendant's failure to satisfy the contract amount. As the Court is not required to take Plaintiff's allegations regarding the amount of damages as true, the Court requires Plaintiff to submit documentary evidence that includes sufficient information to determine the damages in a sum certain. See Signs, 2006 U.S. Dist. LEXIS 56456, at *5-6 (citation omitted); Directv, Inc., No. 03-1969, 2006 U.S. Dist. LEXIS 14027, at *1 (citation omitted). If Plaintiff fails to submit such evidence, the Court will hold a hearing to determine the damages issue.

## III.    CONCLUSION

For the foregoing reasons, the Court will deny Defendant's Motion to Dismiss, and the Court will grant Plaintiff's Motion for Default Judgment. An appropriate form of Order accompanies this

Opinion.


Dated: December 30, 2008


                                           s/ Garrett E. Brown, Jr.
                                     GARRETT E. BROWN, JR., U.S.D.J.